# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA SHEPHERD, | ) |
|           Petitioner, | ) |
| vs. | ) Case No. 2:17-cv-026-LJM-MJD |
| STEVEN JULIAN, Warden, | ) |
|           Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained in this Entry, this is an appropriate case for such a disposition.

**Background**

In 2009, petitioner Shepherd pleaded guilty to possessing with intent to distribute marijuana and being a felon in possession of a firearm. He was sentenced as an armed career criminal to a total term of 180 months of imprisonment. The disposition was affirmed in *United States v. Shepherd*, No. 09-5507 (6th Cir. May 4, 2011) (order).

Following the imposition of sentence, Shepherd filed a motion for relief pursuant to 28 U.S.C. § 2255. The trial court denied relief. Shepherd most recently sought leave in the Sixth Circuit in No. 16-5795 to file a second or successive 28 U.S.C. § 2255 motion, challenging his ACCA sentence based on *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The Sixth Circuit denied that motion on November 16, 2016, explaining:

> Shepherd argues that he no longer qualifies as an armed career criminal because his prior Kentucky burglary convictions were counted as violent felonies under [18 U.S.C.] § 924(e)(2)(B)(ii)'s now-invalidated residual clause.
>
> . . . .
>
> Shepherd was classified as an armed career criminal because he had three prior Kentucky convictions for second-degree burglary. The district court specifically found at sentencing that the burglary convictions constituted "generic" burglaries and thus were proper predicates under the ACCA's enumerated offenses clause. We also found on direct appeal that Shepherd's second-degree burglary convictions were "generic" burglaries that fell under the enumerated offenses clause . . . . Because Shepherd's predicate offenses were counted under the enumerated offenses clause rather than the residual clause, Shepherd has not made a prima facie showing that he is entitled to relief under *Johnson. See Johnson*, 135 S. Ct. at 2563.
>
> Accordingly, we DENY Shepherd's motion.

This action, in which Shepherd invokes 28 U.S.C. § 2241(c)(3), was then filed on January 12, 2017.

## Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Shepherd, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem

with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

Additionally, and of pivotal significance here, under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

The Sixth Circuit explained that Shepherd's prior convictions for burglary in Kentucky were violent offenses under the enumerated-offenses clause of the ACCA. His argument otherwise was explicitly rejected in No. 16-5795 when his motion for leave to file a second or successive 28 U.S.C. § 2255 motion was denied. The Sixth Circuit's ruling post-dates *Mathis v. United States*, 136 S. Ct. 2243 (2016), which Shepherd cited in support of his motion in his filing of July 8, 2016. Sixth Circuit law controls on this point. *Salazar v. Sherrod*, 2012 WL 3779075 at *3 (S.D. Ill. Aug. 31, 2012) (unpublished) (citing *Hernandez v. Gilkey*, 242 F.Supp.2d 549, 554 (S.D. Ill. 2001)). And 28 U.S.C. § 2244(a) prohibits another bite at the apple in these circumstances.

## Conclusion

The dispositive question here is whether Shepherd's habeas claim permits him to traverse the portal created by § 2255(e). *It does not.* Based on the foregoing, Shepherd has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his habeas petition and the public record concerning his collateral challenges. Therefore, for the reasons outlined above, the petition for a writ of habeas corpus is **denied**.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 2/2/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joshua Shepherd
Reg. No. 10671-033
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808